**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

TRANSCONTINENTAL GAS PIPE LINE COMPANY, LLC,

Plaintiff,

v.

PERMANENT EASEMENTS FOR 3.16 ACRES, TEMPORARY EASEMENTS FOR 3.86 ACRES, and TEMPORARY ACCESS EASEMENTS FOR LESS THAN 0.01 ACRES IN DALLAS TOWNSHIP, LUZERNE COUNTY, PENNSYLVANIA, TAX PARCEL NUMBER 10-C7-00A-037-000, DALE A. WILKIE, *et al.*,

Defendants.

No. 4:17-CV-00737

(Chief Judge Brann)

**MEMORANDUM OPINION AND ORDER**

**MARCH 22, 2022**

In March 2021, Plaintiff Transcontinental Gas Pipe Line Company, LLC moved for partial summary judgment in this pipeline takings case.[1] The Company's claim centers on an effort by the Defendant, Dale Wilkie, to recover the cost of replacing a barn that Transcontinental's pipeline was routed through. The parties have fully briefed the issue and this matter is now ripe for disposition.

---

[1] *See* Doc. 70.

## I. FACTS

In May 2017, Transcontinental served Dale Wilkie, the owner of 659 Lake Street, Dallas, Pennsylvania, with a verified complaint.[2] This complaint brought about a taking. Through eminent domain, Transcontinental would be seizing "3.16 acres of [Wilkie's] property for a permanent right of way and easement, as well as temporary easements totaling 3.87 acres for construction and operation of a natural gas pipeline, as part of its Atlantic Sunrise Project."[3] According to Wilkie, he "was presented with details of the proposed route of the pipeline" in April 2014.[4] And after back-and-forth discussions about the pipeline's route, in 2016, he agreed that the pipeline could be routed through an area of his property where there then sat a timber frame barn and other structures.[5] Wilkie contends, however, that his agreement came with a caveat: he was to be "compensated for the replacement value of the structures that would have to be demolished . . . ."[6]

This dispute now centers on this alleged promise. Wilkie's expert, Don Paul Shearer, concluded that damages from the takings totaled $257,350.[7] But according to Wilkie, "the loss of the barn was not factored into his determination . . . ."[8]

---

2 Doc. 71 at 2.
3 *Id.*
4 *Id.* at 3.
5 *Id.*
6 *Id.*
7 *Id.* at 7.
8 *Id.* at 8

Instead, Shearer's report includes a separate $460,000 amount labeled "Compensation for the barn."[9]

## II. SUMMARY JUDGMENT STANDARD

Under Federal Rule of Civil Procedure 56, summary judgment is appropriate where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[10] In assessing "whether there is evidence upon which a jury can properly proceed to find a verdict for the [nonmoving] party,"[11] the Court "must view the facts and evidence presented on the motion in the light most favorable to the nonmoving party."[12]

## III. ANALYSIS

In its initial brief, Transcontinental argued that Shearer's expert report impermissibly separated out the value of the barn.[13] This assessment rested on the "unit rule," under which they argue the "costs of replacement, reproduction, adjustments, and alternations may only be considered as elements bearing on the fair market value [of the property], and are not separately recoverable as independent

---

9 *Id.*

10 Fed. R. Civ. P. 56(a).

11 *Liberty Lobby*, 477 U.S. at 252 (quoting *Schuylkill & Dauphin Imp. Co. v. Munson*, 81 U.S. 442, 448 (1871)).

12 *Razak v. Uber Techs., Inc.*, 951 F.3d 137, 144 (3d Cir. 2020).

13 Doc. 70 at 6–20.

items of compensation or damages."[14] And, indeed, Transcontinental's take on the matter is well supported in Pennsylvania case law.[15]

But as Wilkie concedes in response, he is not seeking to recover the cost of replacement under Pennsylvania eminent domain law.[16] Instead, he believes that he is entitled to seek a separate recovery for the cost to replace the barn because Transcontinental "*agreed* to replace it."[17] But as Transcontinental highlights in its response, this sort of separate recovery is not permitted in a federal condemnation proceeding. Under Federal Rule of Civil Procedure 71.1(e)(3), "[a] defendant waives all objections and defenses not stated in its answers. No other pleading or motion asserting an additional objection or defense is allowed . . . ." Based on this rule, courts have found that counterclaims to recover separate damages in condemnation proceedings are therefore prohibited.[18]

---

14 *Id.* at 8.

15 *See e.g.*, *Puloka v. Commonwealth*, 232 Pa. 36, 41 (Pa. 1936) ("Estimates as to the costs of rebuilding specific items of property or injury to particular uses affected by the taking are not recoverable or admissible as distinct items of damage, but such losses may become useful as elements bearing on the market value before and after the appropriation.") (internal quotation omitted).

16 Doc. 71 at 8 (emphasis in the original).

17 *Id.*

18 *In re Stephenson*, 1995 WL 529610, at *2 (Fed. Cir. Aug. 30, 1995) (citing *United States v. 38.60 Acres of Land*, 625 F.2d 196 (8th Cir. 1980), *United States v. 40.60 Acres of Land*, 483 F.2d 927 (9th Cir. 1973), and *United States v. 6,321 Acres of Land*, 479 F.2d 404 (1st Cir. 1973)0 ("Indeed, the federal courts of appeal uniformly have held that a district court lacks jurisdiction to entertain a true counterclaim in a condemnation proceeding, that is, a separate freestanding claim that otherwise could be asserted independently in another proceeding."); *see also Transcon. Gas Pipe Line Co., LLC v. Permanent Easement for 1.02 Acres*, 2020 WL 3469040, *2 (E.D. Pa. June 25, 2020).

In this action, 26 Pa. C.S. § 702(a) provides that Wilkie is entitled to "the difference between the fair market value of [his] entire property interest immediately before the condemnation . . . and the fair market value of the property interest remaining immediately after the condemnation . . . ." Recovery beyond this diminution in value—such as the benefit of the fully restored barn that he claims to have been promised—is a matter for another proceeding. Transcontinental's partial motion for summary judgment is therefore granted.

Given, however, that Mr. Shearer's assessment did not factor in the loss of the barn, Wilkie must be given a chance to submit an updated expert report that includes the barn's pre-demolition contribution to the property's value.

AND NOW, **IT IS HEREBY ORDERED** that:

1. Plaintiff Transcontinental Gas Pipe Line Co., LLC's Motion for Partial Summary Judgment as to Certain of Defendant Dale A. Wilkie's Claims for Compensation and or Damages (Doc. 69) is **GRANTED.**

2. Within 90 days of this Order, however, Wilkie may submit an expert report that includes the barn's pre-demolition contribution to the property's value.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
Chief United States District Judge